## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8981 | **DATE** | 2/10/2004 |
| **CASE TITLE** | Thomas Robles vs. Webb Ford on 95th | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Robles' counsel are ordered to file an appropriate memorandum in this Court's chambers on or before February 16, 2004. Unless persuasive authority is thus adduced by Robles' counsel, it is expected that Ford Credit will be dismissed out as a defendant forthwith.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 11 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 8 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/10/2004 | |
| | | 04 FEB 10 PM 3:59 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS ROBLES,             )
                           )
            Plaintiff,     )
                           )
     v.                    )   No. 03 C 8981
                           )
WEBB FORD ON 95th, et al., )
                           )
            Defendants.    )

MEMORANDUM ORDER

DOCKETED
FEB 1 1 2004

Ford Motor Credit Company ("Ford Credit") has filed an Amended Response to the Complaint brought by Thomas Robles ("Robles") against Ford Credit, Webb Ford on 95th LLC and three of the latter's employees (collectively "Webb Ford," treated as a singular noun for purposes of this memorandum order). Ford Credit is targeted in just one of the Complaint's four counts: Count II, which seeks to invoke the Illinois Consumer Fraud Act ("Act") against Ford Credit as well as Webb Ford. Because the Complaint as framed is puzzling as to the validity of any predicate for a suit against Ford Credit, this memorandum order is issued sua sponte to require a further explanation from Robles' counsel in that respect.

Complaint ¶¶7 through 73 set out in detail a reprehensible course of conduct[1] on the part of Webb Ford in connection with

---

[1] This Court of course neither makes nor implies any findings in that respect. Instead what is said here simply accepts Robles' allegations as true for present purposes, as must be done when the sufficiency of such a pleading is being tested (as under Fed. R. Civ. P. 12(b)(6)).

Robles' proposed trade-in of his 1999 Yukon for a new Ford truck. But not a word is said (either expressly or impliedly) about anything done (or even omitted to be done) by Ford Credit until Count II, when Complaint ¶¶81-86 inappropriately lump "defendants" in an impermissible manner (thus nothing in the Complaint justifies ascribing a "spot delivery" to Ford Credit, nor was Ford Credit allegedly involved in Webb Ford's further claimed violations of TILA set out in Complaint ¶¶84 and 85). Indeed, the only thing that is specifically said about Ford Credit anywhere in the Complaint is this allegation in Complaint ¶88:

> Defendant Ford Motor Credit Company is liable for the above described violations of the Consumer Fraud Act under the FTC Holder Rule.

As to that assertion, none of Robles' allegations that precede Complaint ¶88 suggests any basis whatever for application of the FTC Holder Rule, or consequently the Illinois Consumer Fraud Act, against Ford Credit. Indeed, both our Court of Appeals (Taylor v. Quality Hyundai, Inc., 150 F.3d 689, 693 (7th Cir. 1998)) and the Illinois Supreme Court (Jackson v. South Holland Dodge, Inc., 197 Ill.2d 39, 55, 755 N.E.2d 462, 471-72 (2001)) have expressly held to the contrary--and that has to be known by Robles' counsel, who maintain a high volume of litigation in this area of the law.

That being so, if Robles' counsel expect to present a claim

of the type that is advanced here against Ford Credit, they must do so in a manner that apprises both Ford Credit and this Court as to the basis for suit. And because the next status hearing date is not until late March, no good reason seems to appear why this matter should not be cleared up at the outset of this litigation.

Accordingly Robles' counsel are ordered to file an appropriate memorandum (including citations to any authorities they deem relevant) in this Court's chambers (with a copy of course being contemporaneously transmitted to Ford Credit's counsel) on or before February 16, 2004.[2] Unless persuasive authority is thus adduced by Robles' counsel, it is expected that Ford Credit will be dismissed out as a defendant forthwith.

                                          */s/ Milton I. Shadur*
                                      Milton I. Shadur
                                      Senior United States District Judge

Date: February 9, 2004

---

   [2] Indeed, it would be well to flesh out the Complaint (at least in the notice pleading sense) as well.

3